UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:10-cr-338-T-33TBM

GEORGE PIZANO, JR.
_____/

**ORDER**

This matter comes before the Court pursuant to George Pizano, Jr.'s "Motion Pursuant to Fed. R. C. P. Rule 36, To Correct a Clerical Mistake in the Sentence, Based on the Oral Pronouncement of Sentence" (Doc. # 150), which the Court construes as a motion to correct the amended judgment. The Government filed a response (Doc. # 152) on August 2, 2017. For the reasons that follow, the Court denies the Motion.

**Discussion**

On March 30, 2011, Pizano was sentenced to 240 months of imprisonment for conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. (Doc. ## 72, 79, 87). In addition to the 240-month term of imprisonment, Pizano was sentenced to 120 months, or 10 years, of supervised release. (Doc. ## 79 at 3, 87 at 38). Subsequently, after the Government filed

1

a Rule 35 motion, the Court held a hearing at which Pizano's sentence was reduced. (Doc. ## 95, 108).

At that hearing, the Court granted the Government's motion and reduced Pizano's term of imprisonment to 144 months. (Doc. ## 108, 109 at 2). Although the Court granted the reduction in prison time, the Court declined to reduce Pizano's term of supervised release. (Doc. # 153 at 41). But, in informing the parties of its decision not to reduce Pizano's term of supervised release, the Court stated that Pizano's term of supervised release was five years, rather than ten years. (Id.). Because the Court stated that only Pizano's term of imprisonment would be reduced, the amended judgment entered after the Rule 35 hearing indicates a term of imprisonment of 144 months and a term of supervised release of 120 months. (Doc. # 109 at 3).

Now, Pizano has filed a pro se Motion to amend the amended judgment. (Doc. # 150). Pizano asserts that the Court's statement at the Rule 35 hearing — that Pizano's term of supervised release was 5 years — controls and the amended judgment should be amended to reflect a 5-year term of supervised release. (Id. at 2). Pizano cites United States v. Gonzalez-Fernandez, 298 Fed. Appx. 389 (5th Cir. 2008), for the proposition that when "the written judgment . . .

conflicts with the oral pronouncement of judgment, the oral pronouncement controls."

The Government opposes Pizano's Motion and acknowledges that an oral pronouncement of sentence ordinarily controls when it varies from the written judgment. (Doc. # 152 at 2); see also United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000)("When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs."). "However, '[w]hen there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written judgment to ascertain the court's intentions.'" United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009)(quoting United States v. Purcell, 715 F.2d 561, 563 (11th Cir. 1983)).

Here, the Government argues the amended judgment should control because, while the Court did state Pizano's supervised release term was five years, it did so in the context of refusing to reduce the original term of supervised release to which Pizano was sentenced — a 10-year term. (Doc. # 152 at 3). The Court agrees with the Government. The statements at the Rule 35 hearing upon which Pizano relies

3

are ambiguous. Therefore, the amended judgment controls. Pizano's term of supervised release remains 120 months.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

George Pizano, Jr.'s "Motion Pursuant to Fed. R. C. P. Rule 36, To Correct a Clerical Mistake in the Sentence, Based on the Oral Pronouncement of Sentence" (Doc. # 150), which the Court construes as a motion to correct the amended judgment, is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of August, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE