UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                           Case No.: 8:10-cr-338-T-33TBM

GEORGE PIZANO, JR.
_____/

**ORDER**

This matter comes before the Court pursuant to George Pizano, Jr.'s Motion for Reconsideration (Doc. # 156), filed on August 21, 2017. For the reasons that follow, the Motion is denied.

**Discussion**

On March 30, 2011, Pizano was sentenced to 240 months of imprisonment for conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. (Doc. ## 72, 79, 87). In addition to the 240-month term of imprisonment, Pizano was sentenced to 120 months, or 10 years, of supervised release. (Doc. ## 79 at 3, 87 at 38). Subsequently, after the Government filed a Rule 35 motion, the Court held a hearing at which Pizano's term of imprisonment was reduced to 144 months. (Doc. ## 95, 108, 109 at 2).

1

Although the Court granted a reduction in prison time at the hearing, the Court declined to reduce Pizano's term of supervised release. (Doc. # 153 at 41). But, in informing the parties of its decision not to reduce Pizano's term of supervised release, the Court stated that Pizano's term of supervised release was five years, rather than ten years. (Id.). Because the Court stated that only Pizano's term of imprisonment would be reduced, the amended judgment entered after the Rule 35 hearing indicates a term of imprisonment of 144 months and a term of supervised release of 120 months. (Doc. # 109 at 3).

Pizano subsequently filed a pro se motion to amend the amended judgment, to which the Government responded. (Doc. ## 150, 152). On August 8, 2017, the Court denied the motion because its statement at the Rule 35 hearing — that Pizano's term of supervised release was five years but no reduction in the original term of supervised release would be granted — was ambiguous. (Doc. # 155 at 3-4). Therefore, the Court concluded that the amended judgment should control and Pizano's 120-month term of supervised release would stand. (Id.).

Now, Pizano has filed a Motion for Reconsideration because he disagrees with the Court's August 8, 2017, Order.

2

(Doc. # 156). Pizano argues "there w[as] absolutely no ambigu[i]ty between the court's pronouncement of sentence it imposed, it me[a]nt what it stated in open court and the court stated what it me[a]nt." (Id. at 1).

Pizano is incorrect. The Court's statement at the Rule 35 hearing was ambiguous. The Court stated: "It's still five years' probation. I'm not going to reduce that." (Doc. # 153 at 41). The Court clearly expressed an intent not to reduce the term of supervised release imposed at Pizano's original sentencing. But Pizano's term of supervised release was set for 120 months at the original sentencing, rather than for five years. Because the Court's statement was ambiguous, the amended judgment entered after the hearing, which stated that Pizano's term of supervised release remains 120 months, controls. United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009)("'[W]hen there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written judgment to ascertain the court's intentions.'" (citation omitted)).

Pizano also argues that the rule of lenity should apply to this circumstance and any ambiguity should be resolved in his favor. (Doc. # 156 at 2). But the rule of lenity applies

3

only if a serious ambiguity exists in a criminal statute. United States v. Castleman, 134 S. Ct. 1405, 1416 (2014)("'[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.'" (quoting Barber v. Thomas, 560 U.S. 474, 488 (2010))); see also United States v. Jeter, 329 F.3d 1229, 1230 (11th Cir. 2003)("The rule of lenity applies if a statute — in this instance, a sentencing guideline — is ambiguous."). This situation does not involve the interpretation of a criminal statute or sentencing guideline so the rule of lenity does not apply.

Furthermore, although the Court's statement at the Rule 35 hearing was ambiguous, the amended judgment was not — it clearly stated Pizano's term of supervised release remained 120 months. Thus, Pizano's assertion that he would have appealed the amended judgment if he had known he was still sentenced to a 120-month term of supervised release is unpersuasive.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

George Pizano, Jr.'s Motion for Reconsideration (Doc. # 156) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of August, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE